1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Lukasz I. Wozniak, Esq., SBN 246329
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660
4  Tel. (949) 477-5050; Fax (949) 608-9142
5  Email: lwozniak@wrightlegal.net

6  Attorneys for Defendants,
7  ONEWEST BANK, N.A., f/k/a ONEWEST BANK, FSB and DEUTSCHE BANK
   NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDA
8  MORTGAGE LOAN TRUST 2007-AR3, MORTGAGE PASS-THROUGH
9  CERTIFICATES, SERIES 2007-AR3 UNDER THE POOLING AND
10 SERVICING AGREEMENT DATED MAY 1, 2007

## UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA BURLEY, as chairperson of the California Valley Miwok Tribe; and THE CALIFORNIA VALLEY MIWOK TRIBE, as a federally recognized tribe of Miwok People, <br><br> Plaintiff, <br><br> vs. <br><br> ONEWEST BANK, FSB; MERIDIAN FORECLOSURE SERVICE; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR3, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR-3 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007; and DOES 1 -10, inclusive, <br><br> Defendants | Case No:  2:14-cv-01349-WBS-EFB <br><br> Assigned to:  Hon. William B. Shubb <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    August 25, 2014 <br> Time:   2:00 p.m. <br> Ctrm.:  #5 – 14th Floor <br><br> *[Request for Judicial Notice filed concurrently herewith]* |

-1-

1   **TO THE HONORABLE COURT AND TO ALL PARTIES AND**
2   **THEIR ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that on August 25, 2014 at 2:00 p.m. in
4   Courtroom 5-14th Floor, of the above-entitled Court, located at 501 I Street,
5   Sacramento, CA 95814, defendants ONEWEST BANK, N.A., f/k/a ONEWEST
6   BANK, FSB and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
7   TRUSTEE OF THE INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR3,
8   MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR3 UNDER
9   THE POOLING AND SERVICING AGREEMENT DATED MAY 1, 2007
10  ("Defendants") will move this Court for an Order dismissing the Complaint of
11  plaintiffs SILVIA BURLEY, and THE CALIFORNIA VALLEY MIWOK TRIBE
12  ("Plaintiffs.")

13      This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6)
14  and is based upon the grounds that Plaintiffs have failed to state a claim upon
15  which relief can be granted against Defendants and that Plaintiffs have failed to
16  plead the essential facts which give rise to his claims and/or the claims are barred
17  on their face, as confirmed by matters which may properly be judicially noticed by
18  this Court.

19      This Motion will be based upon this Notice of Motion and Motion, the
20  attached memorandum of points and authorities, the complete files and records in
21  this action, the request for judicial notice filed concurrently herewith, the oral
22  argument of counsel and upon such other and further evidence as this Court might
23  deem proper.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    Pursuant to L.R. 230, any opposition to this Motion must be filed and served

2  not less than 14 days before the date of the hearing.   The reply to an opposition

3  must be filed and served not more than 7 days after the opposition was due.

4

5                                Respectfully submitted,

6                                WRIGHT, FINLAY & ZAK, LLP

7

8  Dated: June 27, 2014        By:   /s/ Lukasz I. Wozniak
                                     T. Robert Finlay, Esq.
9                                    Lukasz I. Wozniak, Esq.
                                     Attorneys for Defendants,
10                                   ONEWEST BANK, N.A., f/k/a ONEWEST
11                                   BANK, FSB and DEUTSCHE BANK
                                     NATIONAL TRUST COMPANY, AS
12                                   TRUSTEE OF THE INDYMAC INDA
13                                   MORTGAGE LOAN TRUST 2007-AR3,
                                     MORTGAGE PASS-THROUGH
14                                   CERTIFICATES, SERIES 2007-AR3
15                                   UNDER THE POOLING AND
                                     SERVICING AGREEMENT DATED MAY
16                                   1, 2007

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# TABLE OF CONTENTS

**Page No.**

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION                                                                    1

II.     STATEMENT OF FACTS                                                             1

III.    ARGUMENT                                                                        3

    A. The First Claim for Violation of Tribal Immunity Fails Because
       Plaintiffs Cannot Rely on the Doctrine of Sovereign Tribal
       Immunity                                                                  3

    B.  The Second Claim for Wrongful Foreclosure and the Fifth Claim
       For Cancellation of Instruments Fail                                      5

    C. The Third Claim for Violations of Good Faith and Fair Dealing
       Fails Because the Complaint is Devoid of any Facts Demonstrating
       A Breach by Defendants                                                    9

    D.  The Fourth Claim for Violation of Business and Professions Code
       Section 17200 Fails Because It Is Premised on Failed Claims               10

    E.  The Sixth Claim for Conversion Fails as a Matter of Law                 12

    F.  The Seventh Claim for Civil Conspiracy Fails Because Defendants,
       As a Matter of Law, Are Incapable of Committing the Tort of
       Conspiracy                                                                12

IV.    CONCLUSION                                                                      15

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# TABLE OF AUTHORITIES

**Cases**                                                                    Page No.

Applied Equipment Corp. v. Litton Saudi Arabia Ltd.

7 Cal.4th 503, 510-511 (1994)..................................................................12

Arnold's Management Corp. v. Eischen

158 Cal.App.3d 575 (1984) ......................................................................8

Arnold's Management Corp. v. Eischen

   158 Cal.App.3d 575 (1984).....................................................................8

Barroso v. Ocwen Loan Servicing, LLC

(2012) 208 Cal.App.4th 1001, 1017 ........................................................6

C & L Enterprises, Inc. v. Citizen Band of Potawatomi Indian Tribe of Oklahoma

   532 U.S. 411 (2001) ................................................................................4

Cal– Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.

(1999) 20 Cal.4th 163, 187 ....................................................................10

Copesky v. Superior Court

229 Cal.App.3d 678, 694 (1991). ...........................................................13

Das v. Bank of America, N.A.

(2010) 186 Cal.App.4th 727, 740 ...........................................................13

DeLeon v. Wells Fargo Bank, N.A.

2011 WL 311376 at *7 (N.D. Cal. Jan. 28, 2011).................................11

Doctors' Co. v. Superior Court

49 Cal.3d 39, 44 (1989). .........................................................................12

F.P.B.I. Rehab 01 v. E&G Investments, Ltd.

   (1989) 207 Cal.App.3d 1018, 1021 .........................................................8

Fletcher v. United States

116 F.3d 1315, 1324 (10th Cir.1997) .......................................................3

Fontenot v. Wells Fargo Bank, N.A.

(2011) 198 Cal.App.4th 256, 272 .........................................................6, 7

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    Gaffney v. Downey Savings & Loan Assn.
2        (1988) 200 Cal.App.3d 1154, 1165.................................................................8
3    Gomes v. Countrywide Home Loans, Inc.
4    (2011) 192 Cal.App.4th 1149, 1156. ..............................................................7
5    Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 349–350 ..............................9
6    Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga (2009) 175
7        Cal.App.4th 1306, 1344 ...........................................................................9
8    Hale v. Sharp Healthcare
9    (2010) 183 Cal. App. 4th 1373, 1384. ...........................................................11
10   Jenkins v. JP Morgan Chase Bank, N.A.
11   216 Cal.App.4th 497, 514-15 (2013 ..............................................................7
12   Karlsen v. American Savings & Loan Assoc.
13       (1971) 15 Cal.App.3d 112, 121 ..................................................................8
14   Khoury v. Maly's of California, Inc.
15   (1993) 14 Cal.App.4th 612, 619 ..................................................................10
16   Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc.
17   523 U.S. 751, 756 (1998).............................................................................3
18   Kroeker v. Hurlbert
19   (1940) 38 Cal.App.2d 261, 266 ....................................................................6
20   Kruse v. Bank of America
21   202 Cal.App.3d 38, 67 (1988) ....................................................................13
22   Little v. Smith
23   (1920) 47 Cal.App. 8, 12, 15 .......................................................................6
24   Lona v. Citibank, N.A.
25   (2011) 202 Cal.App.4th 89, 104 ...................................................................6
26   MCA, Inc. v. Universal Diversified Enterprises Corp
27       (1972) 27 Cal.App.3d 170, 177....................................................................8
28

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

McKell v. Wash. Mut., Inc.

(2006) 142 Cal.App.4th 1457 ...................................................10

McNeely v. Wells Fargo Bank, N.A.

2011 WL 6330170 at *4 (C.D. Cal. Dec. 15, 2011)...................11

Michigan v. Bay Mills Indian Cmty.

134 S. Ct. 2024, 2030 (2014)....................................................5

Munger v. Moore

11 Cal.App.3d 1, 7  (1970) .......................................................12

Newman v. Bank of New York Mellon

2013 WL 5603316 at *3 (E.D. Cal. Oct. 11, 2013)....................7

Nguyen v. Calhoun

   (2003) 105 Cal.App.4th 428, 439.............................................8

Nymark v. Heart Fed. Savings & Loan Assn.,

231 Cal.App.3d 1089 1093, fn. 1 (1991).................................14

Oklahoma Tax Comm'n v. Potawatomi Tribe

498 U.S. 505, 509 (1991).........................................................3

Ortiz v. America's Servicing Co.

2012 WL 2160953 at *8 (C.D. Cal., June 11, 2012).................11

Pantoja v. Countrywide Home Loans, Inc.

640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009)...........................11

Parcray v. Shea Mortg. Inc.

2010 WL 1659369, * 5 (E.D.Cal., 2010)...................................5

Perlas v. GMAC Mortg., LLC

187 Cal.App.4th 429, 436 (2010) ...........................................13

Permito v. Wells Fargo Bank, N.A.

2012 WL 1380322 at *6 (N.D. Cal. Apr. 20, 2012)...................5

Price v. Wells Fargo Bank

213 Cal.App.3d 465, 476-478 (1989).....................................13

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Puentes v. Wells Fargo Home Mortg., Inc.
(2008) 160 Cal.App.4th 638, 643-644 ................................................................10, 11
Puyallup Tribe, Inc. v. Dep't of Game of State of Wash.
433 U.S. 165, 173, (1977) ..................................................................................3
Rivac v. Ndex W. LLC
2013 WL 6662762 at *4 (N.D. Cal. Dec. 17, 2013) ..................................................7
Saunders v. Sup.Ct.
(1999) 27 Cal.App.4th 832, 838 ........................................................................10
Siliga v. Mortgage Elec. Registration Sys., Inc.
(2013) 219 Cal.App.4th 75, 85 ..........................................................................6
Sipe v. McKenna
   (1948) 88 Cal.App.2d 1001, 1006 ...................................................................8
Smith v. City and County of San Francisco
 (1990) 225 Cal.App.3d 38, 49. ........................................................................9
Smith v. City and County of San Francisco
225 Cal.App.3d 38, 49 (1990) ..........................................................................9
Solomon v. Aurora Loan Services, LLC
2012 WL 2577559 at *5 (E.D. Cal. July 3, 2012) ..................................................11
Storek & Storek, Inc. v. Citicorp Real Estate, Inc.
(1992) 100 Cal.App.4th, 44, 55. ......................................................................9
United States Cold Storage v. Great Western Savings & Loan Assn,
   (1985) 165 Cal.App.3d 1214, 1222 ..................................................................8
Villalvazo v. Am.'s Servicing Co.
2012 WL 3018059 at *5 (C.D.Cal. July 23, 2012) ..................................................6
Wagner v. Benson
(1980) 101 Cal.App.3d 27, 35 ..........................................................................13

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**Statutes**

Bus. & Profs. Code, §17204 ..........................................................................11

Business and Professions Code section 17200 .......................................10

Civ. Code, § 1485 ...........................................................................................8

Civ. Code, § 1486 ...........................................................................................8

Civ. Code, § 1494 ...........................................................................................8

**Other Authorities**

Miller & Starr, 4 Cal. Real Est. § 10:38 (3d ed.)........................................2

Miller & Starr, 4 Cal. Real Est., §10:212 (3d ed.)......................................8

NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs' Complaint should be dismissed with prejudice because theory of liability lacks merit.  Plaintiffs assert that they should be entitled to set aside the valid foreclosure sale of a residential property located in Stockton, CA, on the grounds that Silvia Burley is a chairperson of a federally recognized Indian tribe. While she may be affiliated with the tribe, she purchased the property outside of the reservation and encumbered it with Defendants' lien, taking  out mortgage in her own name and in her individual capacity, not as a tribe official.  Furthermore, in the loan documents, she agreed to occupy the property as her personal residence and not for commercial or government purposes of the tribe.  Accordingly, she cannot rely on the doctrine of sovereign tribal immunity to preclude Defendants from recovering the security behind the loan on which she defaulted in 2008.  As such, Plaintiffs' Complaint fails and should be dismissed, with prejudice.

## II.     STATEMENT OF FACTS

On or about March 15, 2002, plaintiff SILVIA BURLEY ("Burley") purchased the real property located at 10601 Escondido Place, Stockton, CA 95212 ("Property,") taking title thereto as a married woman as her sole and separate property. (Cplt., ¶5; Request for Judicial Notice ["RJN," Ex. 1.)[1]

More than four years after the date of this purchase, on October 11, 2006, Burley quitclaimed her interest in the Property to plaintiff CALIFORNIA VALLEY MIWOK TRIBE ("Tribe.") (RJN, Ex. 3.)  Subsequently, on March 15, 2007, the Tribe quitclaimed its interest in the Property back to Burley, who, subsequently, along with her husband, executed grant deeds to ensure that Burley held title to the Property as her sole and separate property. (RJN, Exs. 4 through 6.)

---

[1] To ensure that the title to the Property was vested in Burley's name alone, Tiger Paulk, Burley's husband executed an interspousal transfer deed, granting his potential interest to the Property to Burley. (RJN, Ex. 2.)

1   A month later, on or about April 20, 2007, Burley obtained a loan in the
2   amount of $1,000,000.00 (the "Loan") from IndMac Bank, F.S.B. (the "Lender,")
3   which was secured by a Deed of Trust that was subsequently recorded in the
4   Official Records of San Joaquin County, creating a first priority lien against the
5   Property. (RJN, Ex. 7.)

6   More than one year after this transaction, on June 18, 2008, Burley
7   quitclaimed its interest in the Property to the Tribe, who acquired title subject to
8   the lien. (RJN, Ex. 8.)[2]

9   At approximately the same time, Burley stopped making payments on the
10  Loan. (RJN, Ex. 9.) Accordingly, when her arrearages reached the sum of
11  $48,317.75, on December 11, 2008, a Notice of Default was recorded. (*Id.*)

12  On January 23, 2009, a Substitution of Trustee was recorded. (RJN, Ex.
13  10.)

14  On March 9, 2009, an Assignment of Deed of Trust to IndyMac Federal
15  Bank FSB was recorded. (RJN, Ex. 11.)

16  Four days later, on March 13, 2009, a Notice of Trustee's Sale was
17  recorded and, on April 1, 2009, the Property was sold at a trustee's sale. (RJN,
18  Exs. 12 - 13.) Approximately ten months later, this sale was rescinded. (RJN,
19  Ex. 14.)[3] Following the recording of the Rescission of the Trustee's Deed,
20  however, because Burley's arrearages reached the sum of $133,237.98, on
21  February 19, 2010, a second Notice of Default was recorded. (RJN, Ex. 15.)

22  On June 21, 2010, an Assignment of Deed of Trust to defendant
23  DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
24  ("Deutsche Bank") was recorded. (RJN, Ex. 17.)

25  Three years later, on June 24, 2013, a Substitution of Trustee was recorded.
26  (RJN, Ex, 18.) On the same day, because Burley's arrearages reached

27
28  [2] (Miller & Starr, 4 Cal. Real Est. § 10:38 (3d ed.))
    [3] On February 22, 2010, the December 11, 2008 Notice of Default was rescinded. (RJN, Ex. 16.)

-2-

$411,659.69, a third Notice of Default was recorded.  (RJN, Ex. 19.)  Thereafter, on September 25, 2013, a Notice of Trustee's Sale was recorded.  (RJN, Ex. 20.) Because neither Burley nor the Tribe (collectively, "Plaintiffs") cured the default on the Loan, on October 22, 2013, Deutsche Bank purchased the Property at the trustee's sale.  (RJN, Ex. 21.)

### III.   ARGUMENT

**A.    The First Claim for Violation of Tribal Immunity Fails Because Plaintiffs Cannot Rely on the Doctrine of Sovereign Tribal Immunity.**

The doctrine of tribal sovereign immunity is "settled law" developed through years of United States Supreme Court precedent.  *See, Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 756 (1998).  It is based on the premise that "Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories."  *Oklahoma Tax Comm'n v. Potawatomi Tribe*, 498 U.S. 505, 509 (1991).  This immunity, however, is unavailable to Plaintiffs for the following reasons.

First and foremost, the immunity is unavailable to Plaintiffs because the transaction at issue was not entered into by the Tribe.

"[T]ribal sovereign immunity ... does not impair the authority of the state court to adjudicate the rights of the individual [tribal member] defendants over whom it properly obtained personal jurisdiction."  *Puyallup Tribe, Inc. v. Dep't of Game of State of Wash.*, 433 U.S. 165, 173, (1977); *see also, Fletcher v. United States*, 116 F.3d 1315, 1324 (10th Cir.1997) (noting that tribal officials, like state and federal officials, are protected by sovereign immunity only when acting in their official capacity).  Here, the Tribe did not enter into the Loan.  Rather, the contract was entered into between Burley and the Lender.  (RJN, Ex. 7.)  Burley took title to the Property, which was located off Indian land, in her individual capacity.  (RJN, Exs 4-7.)  Consequently, because tribal sovereign immunity inheres in the tribe itself, not in the individual tribe members acting in their capacity as individuals, the doctrine is unavailable to Plaintiffs.

1    Even if it could be alleged that Burley entered into the Loan contract on

2    behalf of the Tribe, however, the immunity would still be unavailable to Plaintiffs

3    because Burley waived it.

4    In *C & L Enterprises, Inc. v. Citizen Band of Potawatomi Indian Tribe of*

5    *Oklahoma,* 532 U.S. 411 (2001), a federally recognized Indian tribe entered into a

6    construction contract with the plaintiff for the installation of a roof on a tribe-

7    owned commercial building located outside the Tribe's reservation.  The contract

8    provided for an arbitration provision and a choice of law provision, providing that

9    it should be governed by the laws of the State of Oklahoma.  After the execution

10   of the contract but before commencement of the performance, the tribe dishonored

11   the contract.  Accordingly, the plaintiff submitted an arbitration demand.  In turn,

12   the tribe asserted sovereign immunity and declined to participate in the arbitration

13   proceeding.  After, the arbitrator rendered an award in favor of the plaintiff, it

14   filed suit to enforce the award in the District Court of Oklahoma County. The tribe

15   moved to dismiss the action on the grounds of sovereign immunity.  The court

16   denied  the motion and entered a judgment confirming the award. The Oklahoma

17   Court of Civil Appeals affirmed.  *C & L Enterprises, Inc.* at 411-412.  Affirming

18   the decision, the Supreme Court found that the contractual provisions providing

19   for application of Oklahoma law, binding arbitration of disputes, and enforcement

20   of arbitration decisions in any state or federal court with jurisdiction, constituted

21   clear waiver of tribe's sovereign immunity against suit to enforce arbitration

22   award.  *Id.* at 418-419.  Similarly to *C & L Enterprises, Inc.*, the Deed of Trust

23   contains a choice of law provision, stating that the contract is governed by that

24   federal law and the law of the State of California.   (RJN, Ex. 7, ¶16.)

25   Accordingly, just like in *C & L Enterprises, Inc.*, by agreeing to the choice of law

26   provision, Burley waived the tribal sovereign immunity.

27   Second, the immunity is unavailable to Plaintiffs because while it protects

28   tribe's commercial activities off Indian lands, (*Kiowa*, at 760), it does not protect

-4-

non-commercial activity.   Here, Burley promised to use the Property as her primary residence and not for a commercial or any other purposes.  (RJN, Ex. 7, ¶6.)

Third, the principle of tribal sovereign immunity is unavailable to Plaintiffs because this immunity protects tribes from lawsuits, <u>not non-judicial actions designed to recover property that served as security for loans</u>.  *See, Kiowa*, at 755 ("[t]o say substantive state laws apply to off-reservation conduct ... is not to say that a tribe no longer enjoys immunity *from suit*.... There is a difference between the right to demand compliance with state laws and the means available to enforce them."); *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2030 (2014). Accordingly, Plaintiffs cannot rely on tribal immunity to challenge Defendants' act of exercising power of sale under Deed of Trust and non-judicially foreclosing on the Property.

For all of these reasons, Plaintiffs cannot rely on the doctrine of sovereign tribal immunity and their claim fails.

## B.   The Second Claim for Wrongful Foreclosure and the Fifth Claim for Cancellation of Instruments Fail.[4]

A claim for wrongful foreclosure can be stated only if the plaintiff can allege that he or she did not default on the loan.  *See, e.g., Parcray v. Shea Mortg. Inc.*, 2010 WL 1659369 at *13 (E.D.Cal. April 23, 2010) ("'[a]n action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.'"); *Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322 at *6 (N.D. Cal. Apr. 20, 2012) ("for a foreclosure to be 'wrongful,' Plaintiff also must allege that no entity had the right to foreclose upon her, not simply that the wrong entity foreclosed

---

[4] In their claim for cancellation, Plaintiffs did not specify which instruments they seek to cancel.

1  upon her…."); *Villalvazo v. Am.'s Servicing Co.,* 2012 WL 3018059 at *5

2  (C.D.Cal. July 23, 2012).[5]

3      Here, Plaintiffs did not and, as demonstrated by the recorded documents,

4  cannot allege that Burley was not in default on the Loan.   In fact, as of the date of

5  recording of the third Notice of Default, her arrearages were $411,659.69! for this

6  reason alone, Plaintiffs' claims fail as a matter of law and should be dismissed,

7  with prejudice.

8      In addition, however, Plaintiffs' claims fail because Plaintiffs did not and

9  cannot allege the elements of the causes of action.

10      To allege a claim for wrongful foreclosure, Plaintiffs must allege that: "(1)

11  the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale

12  of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the

13  party attacking the sale (usually but not always the trustor or mortgagor) was

14  prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges

15  the sale, the trustor or mortgagor tendered the amount of the secured indebtedness

16  or was excused from tendering." *Lona v. Citibank, N.A.,* 202 Cal.App.4th 89, 104

17  (2011).   In addition, to bring a cause of action for cancellation of a written

18  instrument, a plaintiff must allege facts affecting the validity and invalidity of the

19  instrument which is attacked.   *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266

20  (1940) ; *Little v. Smith,* 47 Cal.App. 8, 12, 15 (1920).

21      It is well established that a non-judicial foreclosure sale is presumed to have

22  been conducted regularly, and the burden of proof rests with the party attempting

23

24  [5] This rule has also been recognized by the California State Courts.  For instance, in *Siliga v.*

25  *Mortgage Elec. Registration Sys., Inc.,* 219 Cal.App.4th 75, 85 (2013), the court found that the
   plaintiffs could not allege that they were prejudiced by the foreclosure sale because, among

26  other things, they did not dispute that they were in default on their obligations.  Similarly, in
   *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 272 (2011), the court dismissed

27  plaintiff's cause of action, in part, because "Plaintiff effectively concedes she was in default…."
   Likewise, in *Barroso v. Ocwen Loan Servicing, LLC,* 208 Cal.App.4th 1001, 1017 (2012), the

28  court found that the plaintiff alleged a cause of action for wrongful foreclosure where she stated
   that she was not in default on the loan.

MEMORANDUM OF POINTS AND AUTHORITIES

to rebut this presumption. *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 270 (2011). Accordingly, the plaintiff challenging the sale bears the burden of alleging specific facts to demonstrate an irregularity in the foreclosure process that is sufficient to overcome the presumption. *Id.; Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1156 (2011).

Here, Plaintiffs did not allege any specific facts to demonstrate an illegal, fraudulent, or willfully oppressive sale by Defendants. Plaintiffs challenge the sale on the sole grounds that the Loan was improperly securitized. (Cplt., ¶54.) However, this contention is factually unsupported and is unavailable to Plaintiffs as a matter of law - as non-parties to the securitization agreements, Plaintiffs lack standing to challenge the validity of the securitization process. *See, Newman v. Bank of New York Mellon,* 2013 WL 5603316 at *3 (E.D. Cal. Oct. 11, 2013) (citing cases); *Rivac v. Ndex W. LLC,* 2013 WL 6662762 at *4 (N.D. Cal. Dec. 17, 2013) (citing cases).[6]

Similarly, Plaintiffs cannot demonstrate that they were prejudiced by the securitization of the Loan and/or by Defendants' foreclosure.

A party challenging a foreclosure process must demonstrate that a failure to comply with the procedural requirements governing the non-judicial foreclosure process caused him or her prejudice. *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 272 (2011). "Prejudice is not presumed from 'mere irregularities' in the process." *Id.* As explained above, because Plaintiffs were in <u>severe</u> default and Burley has not made her regular monthly payments since <u>May, 2008</u>, they cannot complain about Defendants' exercise of the power of sale.

Finally, Plaintiffs did not allege that they tendered or are willing to tender the outstanding balance of the Loan to Defendants.

---

[6] *See also, Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 514-15 (2013) (finding that a defaulted borrower does not have standing to challenge any agreements relating to the securitization of his or her loan).

MEMORANDUM OF POINTS AND AUTHORITIES

1      A party seeking to challenge a foreclosure sale appears in equity and is thus
2 required to do equity before a court will exercise its equitable powers. *Arnold's*
3 *Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578-579 (1984).
4 Consistently with this principle, an action to set aside the sale it must be
5 accompanied by an offer to tender the full amount of the debt for which the
6 property was security or, at the very least, by an offer to tender all of the
7 delinquencies and costs due for redemption. *Id.* at 578; *Sipe v. McKenna,* 88
8 Cal.App.2d 1001, 1006 (1948); *MCA, Inc. v. Universal Diversified Enterprises*
9 *Corp.,* 27 Cal.App.3d 170, 177 (1972); *United States Cold Storage v. Great*
10 *Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1222 (1985); Miller &
11 Starr, 4 *Cal. Real Est.,* § 10:212 (3d ed.)[7]

12      Since the origination of the tender requirement, courts have expanded its
13 application beyond the equitable causes of action to include <u>any</u> cause of action
14 that is "implicitly integrated" with the allegations of an irregular sale. *Arnold's,*
15 *supra,* at 579 (quoting *Karlsen v. American Savings & Loan Assoc.,* 15
16 Cal.App.3d 112, 121 (1971)).

17      The rules governing tender "are strict and are strictly applied." *Nguyen v.*
18 *Calhoun,* 105 Cal.App.4th 428, 439 (2003). Nothing short of the full amount due
19 is sufficient to constitute a valid tender. *Gaffney v. Downey Savings & Loan*
20 *Assn.,* 200 Cal.App.3d 1154, 1165 (1988). Tender must be (1) valid, (2) made in
21 good faith, (3) unconditional, (4) made with intent to extinguish the obligation,
22 and the party making the tender must have had the ability to perform. *Civ. Code*
23 §§ 1485, 1486, 1494.

24      Based on the above authority, since Plaintiffs attempt to set aside the lawful
25 foreclosure sale, their claims for wrongful foreclosure and cancellation, <u>along with</u>

26

---

27 [7] "This rule...is based upon the equitable maxim that a court of equity will not order a useless
28 act performed....if plaintiffs could not have redeemed the property had the sale procedures been
proper, any irregularities in the sale did not result in damages to the plaintiffs." *F.P.B.I. Rehab*
*01 v. E&G Investments, Ltd.,* 207 Cal.App.3d 1018, 1021 (1989).

MEMORANDUM OF POINTS AND AUTHORITIES

1   all of their remaining claims, which are implicitly integrated with the allegations

2   of wrongful foreclosure, fail for lack of tender.    Consequently, Plaintiffs'

3   Complaint fails in its entirety and must be dismissed, with prejudice.

### C. The Third Claim for Violations of Good Faith and Fair Dealing Fails Because the Complaint Is Devoid of any Facts Demonstrating a Breach By Defendants.

7   "The prerequisite for any action for breach of the implied covenant of good

8   faith and fair dealing is the existence of a contractual relationship between the

9   parties, since the covenant is an implied term in the contract." *Smith v. City and*

10  *County of San Francisco,* 225 Cal.App.3d 38, 49 (1990).[8]   Accordingly, because

11  the contractual relationship between Defendants and the Tribe does not exist (*see,*

12  Deed of Trust- RJN, Ex. 7), the Tribe's claim fails.

13          With respect to Burley, the claim fails because Plaintiffs cannot allege a

14  breach by Defendants.    While the covenant of good faith and fair dealing is

15  implied by law in every contract, it exists merely to prevent one contracting party

16  from unfairly frustrating the other party's right to receive the benefits of the

17  agreement actually made; it does not impose substantive duties or limits on the

18  contracting parties beyond those incorporated in the specific terms of their

19  agreement and it cannot contradict the express terms of a contract. *Guz v. Bechtel*

20  *National, Inc.,* 24 Cal.4th 317, 349–350 (2000); *Storek & Storek, Inc. v. Citicorp*

21  *Real Estate, Inc.,* 100 Cal.App.4th, 44, 55 (1992).

22          Thus, because the claim is premised  on the contention that Defendants

23  violated the covenant by exercising the power of sale under the Deed of Trust

24  (Cplt., ¶69) and because the Deed of Trust expressly permits Defendants' actions

25  (*see,* Deed of Trust- RJN, Ex. 7, ¶22), Plaintiffs cannot allege that Defendants

26

27
_____

28
[8] In fact, "[b]reach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga,* 175 Cal.App.4th 1306, 1344 (2009).

committed a breach.   Rather, by contending that Defendants wrongfully foreclosed on the Property,  Plaintiffs seek to impose on Defendants substantive duties that not incorporated incorporated in the specific contractual provisions and to contradict the express terms of the Deed of Trust.  As such, their claim fails.

### D. The Fourth Claim for Violation of Business and Professions Code Section 17200 Fails Because It Is Premised on Failed Claims.

*Business and Professions Code* section 17200 ("Section 17200") prohibits unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising.[9]  *Puentes v. Wells Fargo Home Mortg., Inc.,* 160 Cal.App.4th 638, 643-644 (2008).   "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation."   *Khoury v. Maly's of California, Inc.,* 14 Cal.App.4th 612, 619 (1993).

Here, Plaintiffs did not allege any facts to demonstrate a conduct by Defendants that could be classified as an unlawful, fraudulent, or unfair business act or practice.   Plaintiffs did not allege any conduct by Defendants that could constitute a violation of an antitrust law or a violation of policy or spirit of such law.   Further, Plaintiffs did not allege any conduct by Defendants that could be found to significantly threaten or harm competition.   Instead, Plaintiffs made

---

[9] "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Sup.Ct.,* 27 Cal.App.4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 187 (1999). When determining "whether the challenged conduct is unfair within the meaning of the unfair competition law…, courts may not apply purely subjective notions of fairness." *Id.* at 184. The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. *Id.* at 180; *see also McKell v. Wash. Mut., Inc.,* 142 Cal.App.4th 1457 (2006).

1  vague and conclusory allegations that were unsupported by facts.  For this reason

2  alone, their claim fails and should be dismissed.

3       In addition, the claim fails because Plaintiffs did not allege any facts to

4  demonstrate their standing to allege their claim against Defendants.   To have

5  standing to allege a claim for violation of Section 17200 et seq., a plaintiff must

6  allege that he suffered an injury-in-fact as a result of the unfair competition.  *Bus.*

7  *& Profs. Code*, § 17204; *Hale v. Sharp Healthcare,* 183 Cal. App. 4th 1373, 1384

8  (2010).   Because, as explained above, Plaintiffs cannot allege that they suffered

9  such an injury as a result of Defendants' purportedly deceptive conduct, as any

10 alleged damages they claim to have suffered resulted from their own failure to

11 make payments on the Loan, the claim fails.  *See, DeLeon v. Wells Fargo Bank,*

12 *N.A.,* 2011 WL 311376 at *7 (N.D. Cal. Jan. 28, 2011); *Ortiz v. America's*

13 *Servicing Co.*, 2012 WL 2160953 at *8 (C.D. Cal., June 11, 2012); *Solomon v.*

14 *Aurora Loan Services, LLC*, 2012 WL 2577559 at *5 (E.D. Cal. July 3, 2012).

15      Finally, Plaintiffs' UCL claim fails because it is predicated on failed

16 allegations.  "[S]ection 17200 'borrows' violations of other laws and treats them

17 as unlawful practices that the unfair competition law makes independently

18 actionable…."  *Puentes,* 160 Cal.App.4th 638, 643-644.  Accordingly, when the

19 underlying violations cannot be stated, a claim for unfair business practices fails

20 as well.  *See, Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177,

21 1190 (N.D. Cal. 2009); *McNeely v. Wells Fargo Bank, N.A.*, 2011 WL 6330170 at

22 *4 (C.D. Cal. Dec. 15, 2011).

23      In their UCL claim Plaintiffs merely restate the allegations contained in

24 their previous claims for violation of tribal immunity and wrongful foreclosure.

25 Thus, because these claims fail, Plaintiffs' Section 17200 claim cannot stand

26 independently and must be dismissed as well.

27 / / /

28 / / /

**E.     The Sixth Claim for Conversion Fails as a Matter of Law.**

It is well established that only personal property, <u>not</u> real property may be converted.  *Munger v. Moore* 11 Cal.App.3d 1, 7 (1970).  Accordingly, because the subject of Plaintiffs' claim is real and not personal property (*see,* Cplt., ¶98), the claim fails as a matter of law.

**F.     The Seventh Claim for Civil Conspiracy Fails Because Defendants, as a Matter of Law, Are Incapable of Committing the Tort of Conspiracy.**

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510-511 (1994).  "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.* at 511.

The elements of the cause of action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff from an act or acts done in furtherance of the common design.  *Doctors' Co. v. Superior Court,* 49 Cal.3d 39, 44 (1989).  "By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Applied Equipment Corp.,* at 511.

Plaintiffs' claim fails for three reasons.  First, Plaintiffs did not allege any facts to demonstrate that Defendants participated in the formation and operation of the conspiracy, or engaged in conduct designed to further the common design of the conspiracy.  Without such specific facts, their claim fails.

Second, as explained above, Plaintiffs cannot allege the commission of an actual tort by Defendants.  Just as their claim for UCL violations, Plaintiffs' claim for conspiracy is predicated on the claims for tribal immunity and wrongful

MEMORANDUM OF POINTS AND AUTHORITIES

1   foreclosure.  Since these claims fail, any purported conspiracy "does no harm and

2   engenders no tort liability."

3     Third, the claim fails because Defendants did not owe a legal duty to

4   Plaintiff and, therefore, were not legally capable of committing the tort.  "As a

5   general rule, a financial institution owes no duty of care to a borrower when the

6   institution's involvement in the loan transaction does not exceed the scope of its

7   conventional role as a mere lender of money." *Das v. Bank of America, N.A.,* 186

8   Cal.App.4th 727, 740 (2010).   Further, the relationship between a lending

9   institution and its borrower-client is not fiduciary in nature.  *Price v. Wells Fargo*

10  *Bank,* 213 Cal.App.3d 465, 476-478 (1989); *Copesky v. Superior Court,* 229

11  Cal.App.3d 678, 694 (1991).

12    "There is no actionable duty between a lender and borrower in that loan

13  transactions are arms-length.  A lender "'owes no duty of care to the [borrowers]

14  in approving their loan.  Liability to a borrower for negligence arises only when

15  the lender 'actively participates' in the financed enterprise 'beyond the domain of

16  the usual money lender.'" *Wagner v. Benson,* 101 Cal.App.3d 27, 35 (1980).

17    California has long recognized that in commercial transactions, each party

18  acts in its own best interest.  As explained in *Perlas v. GMAC Mortg., LLC*, "[a]

19  commercial lender pursues its own economic interests in lending money.

20  (Citations.)  A lender 'owes no duty of care to the [borrowers] in approving their

21  loan.' (Citations.) A lender is under no duty 'to determine the borrower's ability to

22  repay the loan.... The lender's efforts to determine the creditworthiness and ability

23  to repay by a borrower are for the lender's protection, not the borrower's.'" *Perlas*

24  *v. GMAC Mortg., LLC,* 187 Cal.App.4th 429, 436 (2010); *see also, Kruse v. Bank*

25  *of America,* 202 Cal.App.3d 38, 67 (1988).  "This right is inconsistent with the

26  obligations of a fiduciary which require that the fiduciary knowingly agree to

27  subordinate its interests to act on behalf of and for the benefit of another."

28

MEMORANDUM OF POINTS AND AUTHORITIES

1   *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089 1093, fn. 1

2   (1991).

3         Similarly, in *Das*, the court concluded that "'[a] commercial lender is not to

4   be regarded as the guarantor of a borrower's success and is not liable for the

5   hardships which may befall a borrower. [Citation.]  It is simply not tortious for a

6   commercial lender to lend money, take collateral, or to foreclose on collateral

7   when a debt is not paid.  And in this state a commercial lender is privileged to

8   pursue its own economic interests and may properly assert its contractual rights."

9   *Das*, at 740-741 (citations omitted); *see also, Wagner,* at 34 (Public policy does

10  not impose upon the Bank absolute liability for the hardships which may befall the

11  [borrower] it finances.  The success of a borrower's investment is not a benefit of

12  the loan agreement which the Bank is under a duty to protect.)  Given this arm's

13  length relationship between lenders and borrowers, courts have recognized that

14  the borrowers should act on their own judgment and risk assessment to determine

15  whether or not to accept the loan. *Perlas*, at 436.

16        As a result, because Defendants did not, as a matter of law, owe a legal duty

17  to Plaintiffs, they are not capable of committing the tort of conspiracy.  Thus,

18  Plaintiffs' claim fails as a matter of law.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

-14-

## IV.   CONCLUSION

For all the reasons set forth herein, Defendant s respectfully request that the Court grant this Motion in its entirety and dismiss Plaintiff's Complaint, with prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: June 27, 2014          By:   /s/ Lukasz I. Wozniak
                                    T. Robert Finlay, Esq.
                                    Lukasz I. Wozniak, Esq.
                                    Attorneys for Defendants,
                                    ONEWEST BANK, N.A., f/k/a ONEWEST
                                    BANK, FSB and DEUTSCHE BANK
                                    NATIONAL TRUST COMPANY, AS
                                    TRUSTEE OF THE INDYMAC INDA
                                    MORTGAGE LOAN TRUST 2007-AR3,
                                    MORTGAGE PASS-THROUGH
                                    CERTIFICATES, SERIES 2007-AR3
                                    UNDER THE POOLING AND
                                    SERVICING AGREEMENT DATED
                                    MAY 1, 2007

MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On June 27, 2014, I served the within **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[ ]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Gary R. Saunders, Esq
Saunders Law Group, LTD.
1891 California Avenue, Suite 102
Corona, CA 92881
(951) 272-9114
**Attorney for Plaintiffs**
**Silvia Burley and The California Valley Miwok Tribe**

[X]     (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]     (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]     (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]     (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I

1

caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 27, 2014, at Newport Beach, California.

_____
Margaret Augustyniak

2
**PROOF OF SERVICE**