UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SILVIA BURLEY, as chairperson of the California Valley Miwok Tribe; and the CALIFORNIA VALLEY MIWOK TRIBE, as a federally recognized tribe of the Miwok people,<br><br>        Plaintiffs,<br><br>   v.<br><br>ONEWEST BANK, FSB; MERIDIAN FORECLOSURE SERVICE; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1-10, inclusive,<br><br>        Defendants. | ORDER TO SHOW CAUSE<br><br><br>CIV. NO. 2:14-1349 WBS EFB |
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>SILVIA BURLEY; ANJELICA PAULK; TYLER PAULK; RASHEL REZNOR; MILDRED BURLEY; and TRISTIAN WALLACE, | CIV. NO. 2:14-1567 WBS EFB |

|   |   |
|---|---|
| 1 | Defendants. |
| 2 |   |
| 3 |   |

----oo0oo----

"Federal courts are 'courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011) (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). Jurisdictional defects may not be waived, and the court has an independent and continuing obligation to assure itself that it may exercise jurisdiction over an action before it. Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013).

The parties suggest that jurisdiction is appropriate under 28 U.S.C. § 1331 because both cases "arise under" federal law. In both of the above-captioned cases, the sole basis for federal question jurisdiction involves the California Valley Miwok Tribe's assertion of tribal sovereign immunity. In the first case, plaintiffs' sole federal claim asserts that defendants violated plaintiffs' tribal sovereign immunity by attempting to foreclose on their property. In the second case, defendants, who are members of the Miwok Tribe, removed an unlawful detainer action filed by Deutsche Bank to this court on the theory that the action implicates the Tribe's sovereign immunity and thereby "arises under" federal law.

Tribal sovereign immunity is a longstanding doctrine that bars suits against Indian tribes absent a clear waiver of immunity or Congressional abrogation. Okla. Tax Comm'n v.

Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509 (1991).  Tribal sovereign immunity may provide a federal defense to claims brought against an Indian tribe or its members.  Okla. Tax Comm'n v. Graham, 489 U.S. 838, 841 (1989) (citing Puyallup Tribe, Inc. v. Dep't of Game, 433 U.S. 165 (1977)).  However, the court is unaware of any case recognizing a freestanding claim for violation of a tribe's sovereign immunity; rather, the case law suggests that tribal sovereign immunity may enter a case "only by way of defense."  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1386 (9th Cir. 1988).  And while it is well-settled that tribal sovereign immunity may provide a defense to state-law claims, the Supreme Court has made clear that it does not transform a state-law claim into one arising under federal law or provide an independent basis for removal.  Graham, 489 U.S. at 841.

In light of these precedents, the court questions whether there is any basis for jurisdiction over either action.  The court is nonetheless reluctant to dismiss these actions without inviting the parties to express their views about whether the court may exercise jurisdiction.

Accordingly, counsel for all parties are HEREBY ORDERED to show cause why the first action, OneWest Bank, FSB v. Burley, Civ. No. 2:14-1349 WBS EFB, should not be dismissed, and why the second action, Burley v. Deutsche Bank National Trust Company, Civ. No. 2:14-1567 WBS EFB, should not be remanded to San Joaquin County Superior Court for lack of subject matter jurisdiction.  Counsel for all parties shall submit separate statements identifying the basis, if any, for subject matter jurisdiction

1  within ten days of the date this Order is signed.

2  Dated:  July 31, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE